UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TYRON JOHNSON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:18-CV-430-RLM-MGG |
| WARDEN, | ) |
| Respondent. | ) |

OPINION AND ORDER

Tyron Johnson, a prisoner representing himself, filed a petition for habeas corpus under 28 U.S.C. § 2254 challenging his July 25, 2016, conviction for murder in the St. Joseph County Superior Court under Case No. 71D08-1506-MR-007.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

Id. at 1025-1026 (internal citations and quotation marks omitted). Federal habeas relief isn't available until exhaustion has occurred.

Mr. Johnson didn't seek transfer of his direct appeal - Case No. 71A03-1608-CR-1986 - to the Indiana Supreme Court. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VU b2tlbiI6IllXVTVNRGt4T0RFM01EEWXdPaIF3T0RFM05UUXlORE09In19 (last visited on June 7, 2018). He filed a post-conviction relief petition on June 5, 2018, which still pends in St. Joseph County Superior Court under Case No. 71D08-1806-PC-2. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VU b2tlbiI6Ik16VTVNRGt4T0RFM01EEWXdPakkyTURReU5ESXpOV009In19 (last visited on June 7, 2018). Therefore, he hasn't yet exhausted his state court remedies. Until he does so, he can't obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed, but the dismissal will be without prejudice to his right to file a new petition after he has exhausted his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [must] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." <u>Dolis v. Chambers</u>, 454 F.3d 721, 725 (7th Cir. 2006). The Indiana Court of Appeals affirmed Mr. Johnson's conviction and sentence on June 30, 2017. <u>Johnson v. State</u>, 71A03-1608-CR-1896, slip op. (Ind. Ct. App. June 30, 2017). Mr. Johnson's one-year limitations period to file in federal court began to accrue on July 31,

2017[1], after his time to file a petition to transfer his direct appeal with the Indiana Supreme Court expired. Ind. R. App. P. 57(C)(1). His limitations period was tolled upon his filing of a post-conviction relief petition on June 5, 2018. It appears as though Mr. Johnson will still more than 50 days remaining in which to file a federal habeas corpus action after the completion of his state post-conviction relief proceedings. Dismissing this petition won't effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in state court. Thus, a stay wouldn't be appropriate.

Finally, under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for a finding that jurists of reason would debate the correctness of this procedural ruling. There is no basis for encouraging Mr. Johnson to proceed further in federal court until he has exhausted his claims in State court. A certificate of appealability must be denied.

For these reasons, the court:

---

[1] July 30, 2017, was a Sunday.

(1) DISMISSES the petition (ECF 1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES because the claims are unexhausted; and

(2) DENIES Mr. Johnson a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

Entered June 8, 2018

                                              /s/ Robert L. Miller, Jr.
                                              Judge
                                              United States District Court